UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

*FILED*

*CLERK U.S. BANKRUPTCY,*
*ORLANDO DIVISION*
JUN 2 8 2012

In re:

JOHN WHEATON &
LINDA WHEATON,                                    Case No. 6:11-bk-09750-ABB
                                                  Chapter 7
        Debtors.

_____/

DONALD F. WALTON, TRUSTEE,

        Plaintiff,                                Adv. Pro. No. 6:11-ap-00254-ABB

v.

JOHN WHEATON &
LINDA WHEATON,

        Defendants.

_____/

## MEMORANDUM OPINION

This matter came before the Court on the Complaint Objecting to Entry of the Debtor's Discharge (Doc. No. 1) filed by the United States Trustee/Plaintiff Donald F. Walton against the *pro se* Debtors/Defendants John Wheaton and Linda Wheaton seeking denial of their discharge pursuant to 11 U.S.C Section 727(a). The final evidentiary hearing was held on May 14, 2012 at which counsel for the Plaintiff appeared. The Debtors did not appear.

Judgment is due to be entered in favor of the Trustee and against the Debtors for the reasons set forth herein. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

1

## FINDINGS OF FACT

### *Undisputed Facts*

Debtors filed a Chapter 7 bankruptcy case on June 28, 2011 ("Main Case"). The Debtors were represented by counsel well-versed in consumer bankruptcy matters. Their attorney was not retained for this adversary proceeding.

The Debtors' unsecured debts are substantial. They listed unsecured debts totaling $606,573.56 in their Schedules (Main Case, Doc. No. 1). More than half of the unsecured debt is credit card debt incurred on thirty-eight credit cards, totaling approximately $374,384.00. The Debtors' Amended Schedule F (Main Case, Doc. No. 12) shows the last active dates on many of the credit cards to be in 2010 and 2011.

No document filed by the Debtors explains what the charges were for or when the charges were incurred. Debtors listed only $1,750 in tangible, unencumbered personal property (Main Case, Doc. No. 1, Schedule B). The remaining balance of the Debtor's personal property is comprised of overencumbered vehicles, a retirement account, cash, and depository accounts. Id.

The Debtors' Amended Statement of Financial Affairs (Main Case, Doc. No. 12) does not show any transfers, gifts, or substantial losses. No documentation the Debtors have produced explains what the Debtors purchased with the credit cards or, if the purchases were for goods, why the goods are not listed as assets in their Schedules. This large amount of credit card debt, coupled with the Debtors' minimal assets, compelled the Trustee to investigate the possibility of concealed or transferred assets.

The Trustee conducted informal discovery before initiating this adversary proceeding to better understand the discrepancy between the Debtors' assets and

2

liabilities. The Trustee sent Debtors' counsel an email notifying him of the investigation, and requesting the following documents:

> 1) Paystubs from December 2010 to present; 2) Copies of 2009 and 2010 tax returns;
>
> 3) All checking account statements and check registers from 12 months prior to filing to present;
>
> 4) All savings accounts and certificate of deposit account statements from 12 months prior to filing to present;
>
> 5) All investment, retirement accounts, and brokerage statements from 12 months prior to filing to present;
>
> 6) All financial statements prepared during the last two years for the purpose of obtaining any type of loan or credit; and
>
> 7) All credit card statements for the twelve months prior to filing to present

(AP, Doc. No. 1, Ex. A).

The Debtors failed to produce any documentation regarding items 4, 6, and 7 above by the stated deadline for compliance. The Debtors submitted incomplete documents regarding items 3 and 5 above. The Trustee emailed Debtors' counsel requesting the missing documents; the Debtors did not comply (AP, Doc. No. 1, Ex. B). Debtors' counsel emailed the Trustee stating he had contacted the Debtors and explained the importance of compliance with the Trustee's request (AP, Doc. No. 1, Ex. C). The email stated the Debtors "have been unable or are otherwise unwilling" to comply with the Trustee's requests. Id.

### *Adversary Proceeding*

The Debtors' non-compliance with the Trustee's informal discovery prompted the filing of the Complaint against the Debtors requesting their discharge be denied pursuant to 11 U.S.C. Sections 727(a)(3), 727(a)(4), 727(a)(5), and 727(a)(2)(A). The Trustee has

3

the burden of proof on each cause of action.

These claims stem from the large discrepancy between the Debtors' credit card debt and unencumbered personal property. The Trustee filed this Complaint because he believes these facts are consistent with a "credit card bust-out." A credit-card bust out is a scheme in which someone purchases goods with credit cards, conceals the goods, then files for bankruptcy.

The Trustee required the above-referenced documentation of the Debtors' bank accounts and credit cards to properly determine whether the Debtors were engaged in a credit card bust-out scheme. The Debtors did not comply with the Trustee's informal discovery. The Trustee then filed the Complaint. The Debtors never responded.

Debtors have not responded to any pleadings filed in this adversary proceeding. The Clerk of Court entered a default against the Debtors (AP, Doc. No. 6) upon motion by the Trustee (AP, Doc. No. 4). Two evidentiary hearings were held on the Trustee's Motion for Final Judgment (AP, Doc. No. 5). The Debtors failed to appear.

*11 U.S.C. §§ 727(a)(3) and 727(a)(4):* The Debtors have either concealed or failed to keep records from which their financial condition can be ascertained. The Trustee has requested financial records in an effort to determine the real financial condition of the Debtors. Debtors' counsel represented to the Trustee the Debtors were "unable or unwilling" to produce the records the Trustee requested (AP, Doc. No. 1, Ex. C).

The Debtors failed to adequately respond to the Trustee's informal document requests. They did not file any pleadings in this adversary proceeding. The Debtors have not produced a response that would justify the lack of records. The Trustee established a

4

basis for denial of the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(3).

The circumstantial evidence shows the Debtors knowingly and fraudulently withheld recorded information from the United States Trustee in order to impede the Trustee's efforts to learn more about the Debtors' financial condition. Debtors' counsel informed the Debtors of the importance of the Trustee's requests (AP, Doc. No. 1, Ex. C). The Trustee established a basis for denial of the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(4)(D).

*11 U.S.C. § 727(a)(5):* The Trustee did not establish with particularity the substantive assets the Debtors may have transferred or concealed which may have resulted in a loss or deficiency in assets. The relief sought pursuant to 11 U.S.C. Section 727(a)(5) is due to be denied.

*11 U.S.C. § 727(a)(2)(A):* The Debtors' lack of compliance, their refusal to provide documents, and their refusal to explain the discrepancy between their assets and liabilities is insufficient to establish the Debtors concealed or transferred assets with intent to hinder, delay, or defraud the creditors or an officer of the estate.

The Trustee did not establish the Debtors transferred, removed, destroyed, mutilated, or concealed any assets. The Debtors' actions are indicative of a fraudulent motive, but the Trustee did not establish assets were concealed or transferred. The relief sought pursuant to 11 U.S.C. Section 727(a)(2)(A) is due to be denied.

## CONCLUSIONS OF LAW

The Trustee seeks denial of the Debtors' discharge pursuant to 11 U.S.C. Sections 727(a)(2)(A), 727(a)(3), 727(a)(4)(D), and 727(a)(5).  Objections to discharge are strictly construed against the objecting party and liberally in favor of the debtor.  Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986).  "[T]he reasons for denying a discharge must be real and substantial, not merely technical and conjectural."  Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994).

### 11 U.S.C. Section 727(a)(3) and 727(a)(4)(D)

The Trustee contends the Debtors should be denied discharge because they concealed records from which their financial condition can be ascertained and they knowingly and fraudulently withheld records or documentation relating to the Debtors' financial affairs.

Section 727(a) of the Bankruptcy Code sets forth a Debtor shall be granted a discharge unless the Debtor has committed certain abuses.  A discharge will be denied where:

> the debtor has concealed . . . any recorded information . . . from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case

11 U.S.C. § 727(a)(3); or

> the debtor knowingly and fraudulently . . . withheld from an officer of the estate . . . any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs.

11 U.S.C. § 727(a)(4)(D).

The purpose of Section 727(a)(3) is to make certain the creditors and Trustee are given sufficient information to understand the debtor's financial condition.  In re

Juzwiak, 89 F.3d 424, 427 (7th Cir. 1996).   The Trustee must make a prima facie showing the Debtors' records are inadequate.   In re Harmon, 379 B.R. 182, 187 (M.D. Fla. 2007).  The Debtor may then justify the lack of records.  11 U.S.C. § 727(a)(3); In re Harmon, 379 B.R. at 187.

Grounds for the denial of a discharge do not exist where a debtor completes his bankruptcy papers to the best of his abilities and attempts to be complete and accurate.  In re Burns, 395 B.R. 756, 769 (Bankr. M.D. Fla. 2008).   A debtor knowingly and fraudulently withholds records when the failure to produce requested records is an attempt to hide assets or impede the trustee.  In re Kent, 92 B.R. 540, 543-44 (Bankr. S.D. Fla. 1998).

The Debtors concealed financial information from which the Debtors' financial condition might be ascertained and they knowingly and fraudulently withheld recorded financial information from the Trustee relating to their financial affairs.  The Debtors stated they were "unable or unwilling" to provide the basic financial information the Trustee requested (AP, Doc. No. 1, Ex. C).  The records or documentation requested by the Trustee should be in the Debtors' possession or are easily obtainable by the Debtors.

The Debtors did not provide the Trustee with sufficient information to allow him to fully understand the Debtors' financial condition.   They concealed information documentation such as bank statements and credit card statements from the Trustee after they were made aware of the records deficiency.  The Trustee requested these documents to better understand the Debtors' financial condition, specifically why the Debtors' credit card debt so far exceeds their tangible, unencumbered personal property.

A prima facie showing of inadequate records was established by the Trustee.  The

7

Debtors have not appeared in this proceeding, and therefore have not provided any justification for the lack of the records.

The Debtors' failure to produce the requested records or documentation was not an innocent mistake, as evidenced by their own statements. The Debtors' inaction and non-responsiveness constitutes a knowing and fraudulent withholding of the documents from the United States Trustee. The factual circumstances establish a basis for denial of Debtors' discharge pursuant to 11 U.S.C. Sections 727(a)(3) and 727(a)(4)(D).

### *11 U.S.C. Section 727(a)(5)*

The Trustee contends the Debtors should be denied a discharge because of their failure to adequately explain the loss or deficiency of assets. Trustee alleges the Debtors' large credit card debt compared to their small amount of tangible, unencumbered personal property suggests a loss or deficiency of assets. A discharge will be denied where:

> the debtor has failed to explain satisfactorily . . . any loss of assets or deficiency of assets to meet the debtor's liabilities.

11 U.S.C. § 727(a)(5).

A plaintiff, to sustain the initial burden to establish an objection to discharge, must establish "the debtor formerly owned substantial, identifiable assets that are now unavailable to distribute to creditors." Murphy v. Rivertree Landing, LLC (In re Murphy), Case No. 6:08-cv-198-Orl-31, 2008 WL 2224835, *5 (M.D. Fla. May 27, 2008). The burden then shifts to the debtor to satisfactorily explain the loss. Hawley v. Cement Indus., Inc. (In re Hawley), 51 F.3d 246, 249 (11th Cir. 1995).

The burden of establishing the Debtors owned substantial and identifiable assets no longer available to distribute to creditors was not met by the Trustee. The Debtors'

8

credit card debt raises concerns about what was purchased with the credit cards and what may have happened to any tangible purchases.

The Trustee did not establish any identifiable assets purchased with the credit cards because the Debtors refused to provide the documentation the Trustee requested. The provisions discussed *supra* adequately address the withholding of documents. The Plaintiff has failed to established a basis for denial of the Debtors' discharge pursuant to 11 U.S.C. Section 727(a)(5).

### 11 U.S.C. Section 727(a)(2)(A)

The Trustee contends the Debtors should be denied discharge because they intentionally concealed assets. A discharge will be denied where:

> the debtor, with intent to hinder, delay, or defraud a creditor or officer of the estate . . . has transferred, removed, destroyed, mutilated, or concealed . . . property of the debtor, within one year before the date of filing the petition.

11 U.S.C. § 727(a)(2)(A).

A plaintiff bears the significant burden of establishing actual fraudulent intent. Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 306 (11th Cir. 1994) (*citing* Wines v. Wines (In re Wines), 997 F.2d 852, 856 (11th Cir. 1993)). "Concealment" in relation to Section 727(a)(2)(A) "occurs when a debtor's interest in the property is not obvious, but the debtor continues to reap the benefits the property has to offer." In re Greene, 340 B.R. 93, 98 (Bankr. M.D. Fla. 2006) (*citation omitted*).

The Debtors' conduct does suggest intent to hinder, delay, or defraud creditors, but the Trustee did not establish assets were concealed or whether the Debtors are receiving any benefit from unidentified assets. This inability to identify concealed assets likely was caused by the Debtors' refusal to provide the requested records and

documentation.   The provisions discussed *supra* adequately address this issue.   The

Plaintiff has failed to established a basis for denial of the Debtors' discharge pursuant to

11 U.S.C. Section 727(a)(2)(A).

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the relief sought in the

Plaintiff's Complaint (Doc. No. 1) pursuant to 11 U.S.C. 727(a)(3) and 727(a)(4)(D) is

hereby **GRANTED**; and it is further

**ORDERED, ADJUDGED and DECREED** that the relief sought in the

Plaintiff's Complaint (Doc. No. 1) pursuant to 11 U.S.C. 727(a)(5) and 727(a)(2)(A) is

hereby **DENIED**; and it is further

**ORDERED, ADJUDGED and DECREED** that John Wheaton's and Linda

Wheaton's **DISCHARGE** pursuant to 11 U.S.C. 727 is hereby **DENIED**.

A separate Judgment consistent with these Findings of Fact and Conclusions of

Law shall be entered contemporaneously.

Dated this 28th day of June, 2012.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge